IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| JARED WALL,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br>Case No. 1:18-cv-137-TC-EJF |

Plaintiff Jared Wall, proceeding pro se and in forma pauperis, filed this action on November 6, 2018. (ECF Nos. 2, 3.) Mr. Wall's initial complaint failed to properly comply with Federal Rules of Civil Procedure 8 and 10. (See generally Complaint ("First Complaint"), ECF No. 3.) On November 20, 2018, the magistrate judge issued a Ruling and Order ("Ruling") requiring Mr. Wall to correct his deficient pleading within twenty days or face dismissal of the action. (ECF No. 7.) Further, the Ruling admonished him that failure to comply with the procedural rules could result in a recommendation of dismissal to the District Judge. (Id.)

Approximately twenty-seven days later, on December 17, 2018, Mr. Wall filed a motion for extension of time ("Motion") to file the amended complaint. He attached an amended complaint to the Motion. (ECF No. 8.) The basis for his request was that the Clerk's office had closed early on December 14, 2018, when he attempted to file his amended complaint. (Id.) This court granted the Motion on January 29, 2019, and the Clerk's office filed the amended

1

complaint on the same date. (ECF Nos. 9, 10.) Mr. Wall's amended complaint (ECF No. 10), however, still does not comply with the operative procedural rules. For the reasons set forth below, the court dismisses Mr. Wall's action for lack of jurisdiction.

## DISCUSSION

**<u>Deficiencies in the Amended Complaint</u>**

Like the First Complaint, Mr. Wall's amended complaint fails to allege facts establishing subject matter jurisdiction, and it does not state a proper claim for relief under Rules 8 and 12 of the Federal Rules of Civil Procedure.[1]

With regard to jurisdiction, "[federal] [d]istrict courts have limited subject matter jurisdiction and may [only] hear cases when empowered to do so by the Constitution and by act of Congress." <u>Radil v. Sanborn W. Camps, Inc.</u>, 384 F.3d 1220, 1225 (10th Cir. 2004) (internal quotation marks omitted). There is a presumption against jurisdiction absent a showing by the party seeking to invoke the court's jurisdiction. <u>See</u> <u>Dutcher v. Matheson</u>, 733 F.3d 980, 985 (10th Cir. 2013). Furthermore, "[a] court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." <u>Basso v. Utah Power & Light Co.</u>, 495 F.2d 906, 909 (10th Cir. 1974). Consequently, federal courts must independently determine whether subject matter jurisdiction exists with or without prompting from a party. <u>See</u> <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 514 (2006).

Generally, there are two types of subject matter jurisdiction: diversity jurisdiction and federal question jurisdiction. Diversity jurisdiction exits where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of

---

[1] Mr. Wall also failed to list his claims in numbered paragraphs consistent with the mandate of the Rule 10 of the Federal Rules of Civil Procedure.

different States.  28 U.S.C. § 1332.  Federal question jurisdiction, however, authorizes federal courts to decide "civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Federal question jurisdiction requires that the federal question appear on the complaint's face, be a substantial component of the plaintiff's claim, and be of significant federal interest.  Nicodemus v. Union Pac. Corp., 318 F.3d 1231, 1232 (10th Cir. 2003).  Stated another way, a complaint must establish that either a federal law creates the underlying cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.  This is often referred to as the "well-pleaded complaint rule."  Id.

Mr. Wall's amended complaint fails to establish diversity jurisdiction or federal question jurisdiction.  Although Mr. Wall may meet the amount in controversy requirement of 28 U.S.C. § 1332, the amended complaint fails to allege facts sufficient to establish "all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation."  Depex Reina 9 P'ship v. Texas Int'l Petroleum Corp., 897 F.2d 461, 463 (10th Cir. 1990).

As for establishing that the court has federal question jurisdiction, Mr. Wall's amended complaint likewise falls short.  The federal question at issue is not clear from the face of the amended complaint.  Even though Mr. Wall lists 38 U.S.C § 7316, Veteran's benefits, once in the caption, and briefly references the federal and state constitutions on page four of the pleading, such passing mentions are insufficient to comply with the well-pleaded complaint requirement.  For instance, Mr. Wall has not sufficiently pleaded that a government officer or employee, acting in an official capacity, injured Mr. Wall by taking action contrary to a federal statute or a provision of the United States Constitution.  At most, viewing the amended complaint liberally, Mr. Wall alleges he was potentially misdiagnosed by a medical professional at a private medical facility.

Similarly, Mr. Wall's claim that the United States and the State of Utah allegedly denied him benefits suffers from the same shortfalls. The amended complaint is bereft of details pertaining to any disability administrative proceedings in which Mr. Wall qualified as disabled and was wrongly denied benefits. Although Mr. Wall's allegations appear to suggest some type of wrongdoing, it is not the responsibility of this court to "collect, organize and articulate the cumulative legal significance" of these materials with respect to each of Mr. Wall's claims. Schaede v. The Boeing Company, 72 F.3d 138, *1 (10th Cir. 1995) (unpublished). Without this information, Mr. Wall does not establish federal question jurisdiction.

Separately, Mr. Wall did not follow this court's roadmap for complying with Federal Rule of Civil Procedure 8.[2] Merely mentioning Title 38 of the United States Code, Veteran's Benefits, does not give the defendants proper notice of a claim and the ground upon which it rests. This is especially true given that Mr. Wall does not set forth any facts detailing if he is a veteran or a qualifying family member of a veteran who received medical care in a government facility that resulted in harm. Moreover, Mr. Wall's mention of a federal law in the caption is akin to mentioning a federal law in the jurisdictional section only of a complaint, which is insufficient to comply with Rule 8. See generally, Eckert v. Titan Tire Corp., 514 F.3d 801, 806–07 (8th Cir. 2008) (discussing the rule that merely invoking a law in the jurisdictional section of a complaint does not comply with notice requirements of Rule 8).

For the reasons stated above, the court has determined that Mr. Wall's amended complaint must be dismissed for failure to establish jurisdiction and failure to give proper notice

---

[2] The amended complaint also does not set forth Mr. Wall's claims in numbered paragraphs as mandated by Federal Rule Civil Procedure 10.

of the claims, as required by Rule 8.  Such dismissal is with prejudice because Mr. Wall has already been given an opportunity to correct the deficiencies in his original complaint.

**Restricted Filer Status**

Mr. Wall has filed highly similar matters in this District.  The court takes judicial notice of Mr. Wall's 2016 case that was before Judge Dee Benson in this court, Case No. 1:16-cv-46-DB.  In that matter, Mr. Wall alleged similar causes of action against mostly the same parties.  (See Case No. 1:16-cv-46, ECF No. 3.)  Specifically, Mr. Wall claimed medical professionals at Tanner Clinic improperly diagnosed his condition, which has diminished his quality of life.  (Id.)  The defendants moved for dismissal.  (Id., ECF Nos. 4, 6.)  Because Mr. Wall failed to establish that the court had subject matter jurisdiction on the face of his complaint, the action was dismissed.  (Id., ECF Nos. 18, 22.)  Mr. Wall appealed.  The Tenth Circuit affirmed dismissal and issued a Mandate on July 18, 2017, which states:

> We review de novo a district court's dismissal for lack of subject matter jurisdiction.  Pueblo of Jemez v. United States, 790 F.3d 1143, 1151 (10th Cir. 2015). "A federal court's jurisdiction must clearly appear from the face of a complaint . . . ." Whitelock v. Leatherman, 460 F.2d 507, 514 (10th Cir. 1972). We agree with the district court that Wall's complaint fails to allege any basis for jurisdiction.  He does not claim that the parties are diverse, see 28 U.S.C. § 1332, and he indicated on his civil cover sheet that all parties are Utah citizens. Nor does the complaint state a substantial federal question; it merely alleges a state law medical malpractice claim.  See Nicodemus v. Union Pac. Corp., 440 F.3d 1227, 1232 (10th Cir. 2006) (jurisdiction proper under 28 U.S.C. § 1331 if "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law").  On appeal, as in his response to the defendants' motions to dismiss, Wall mentions his constitutional right to due process. But these vague references do not change the fact that his complaint, even when construed liberally, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), fails to allege a federal question, see Whitelock, 460 F.2d at 514.

(June 26, 2017 Order & Judgment of the Tenth Circuit at 2–3 (internal footnote omitted), filed in 1:16-cv-46-DB as ECF No. 36.)

5

The guidance from the Tenth Circuit was lost on Mr. Wall because, approximately one year after the mandate was issued, he filed these two matters. (Case Nos. 1:18cv137-TC-EJF and 1:18cv138-CW-DBP (which was consolidated into this matter).) The parties in these actions are nearly identical to those in Judge Benson's matter, as are the claims.

Mr. Wall has repeatedly alleged the same factual scenario about how his medical condition was misdiagnosed by a private entity, but he has yet to establish subject matter jurisdiction. This was clear in Judge Benson's case and is clear in this case, even though he was given the chance to correct the deficiencies identified by the court in its Ruling. The court also notes that the allegations on the face of his complaint once again do not state a claim upon which relief can be granted. (Compare Complaint in 1:16-cv-46-DB, ECF No. 3, with Complaints in 1:18-cv-137-TC (this matter), ECF No. 3, and 1:18-cv-138-CW-DBP (consolidated matter), ECF No. 10.)

Repeated filing of cases already dismissed with prejudice can result in a restriction on filing future cases. See Van Sickle v. Holloway, 791 F. 2d 1431, 1437 (10th Cir. 1986) (prohibiting filing any further complaints raising the same or similar allegations as the case before the court). The court does not place that restriction on Mr. Wall at this time. But if he continues to file complaints with the same jurisdiction and notice deficiencies, the court will recommend that he be placed on the District's restricted filer list.

**ORDER**

For the reasons set forth above, Mr. Wall's case is DISMISSED WITH PREJUDICE for

failure to establish subject matter jurisdiction.

SO ORDERED this 23rd day of April, 2019.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge